| **ALBERT Y. DAYAN** | 80-02 Kew Gardens Rd., #902, Kew Gardens, N.Y. 11415 |
|---|---|
| Attorney at Law | Tel: (718) 268-9400:     Fax: (718) 268-9404 |

<u>By ECF</u>

April 17, 2024

The Honorable LaShann DeArcy Hall
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: United States v. Alex Levin et al.
      <u>Criminal Docket No. 21-208 (LDH)</u>

Dear Judge DeArcy Hall:

  By its letter, dated April 16, 2024, with attachments served upon counsel, (Please see Exhibit "1"), the government, pursuant to Fed. R. Crim. P. 16(a)(1)(G)(iii), purports to disclose its intent to offer expert testimony, i.e., "a complete statement of all opinions that the government will elicit from the witness in its case-in-chief … and the bases and reasons for them."

  To meet its disclosure obligation the government offers the single paragraph:

> Richard Guerci, is expected to testify about money laundering and commonly used techniques used to promote unlawful activities and to conceal or disguise the nature, location, source, ownership, and/or control of the proceeds of such unlawful activities. For instance, Mr. Guerci is expected to explain common techniques including, among others, the use of trusted intermediaries; conducting financial transactions in tax haven and secretive jurisdictions; the creation and use of shell companies and nominal owners; and the creation of sham documents to justify illicit transactions.

Letter, ¶ I.

  As noted below the above paragraph is insufficient to meet the disclosure requirements of 16(a)(1)(G)(iii) because the government merely identifies the subjects about which Guerci would opine, rather than describing Guerci's actual opinions on those subjects and the bases and reasons for them. Indeed, the government says nothing about any opinions their expert might offer; it is not even stated whether Guerci would offer an opinion. Such a supposed disclosure fails to comply with Rule 16. See, e.g., *United States v. Baker,* 14-cr-356 (ENV), at 7 (E.D.N.Y. Dec. 6, 2016) ("[m]erely

identifying the general topics about which the expert will testify is insufficient; rather, the summary must reveal the expert's actual opinions."(citations omitted). An expert's testimony "may be excluded if the [proponent] has made no attempt at all to describe the bases and reasons for those opinions in its disclosure." (citations omitted) [B]ecause Rule 16(a)(1)(G) "requires a summary of the expected testimony, not a list of topics," a disclosure that "provided a list of the general subject matters to be covered, but did not identify what opinion the expert would offer on those subjects," was inadequate." (citation omitted).)

Accordingly, it is respectfully moved that the offered expert testimony be precluded.

Respectfully submitted,

Sgd:  *Albert Y. Dayan*
Albert Y. Dayan
Attorney at Law