

U.S. Department of Justice

United States Attorney
Eastern District of New York

FJN:LAB/LM
F. #2018R00550

271 Cadman Plaza East
Brooklyn, New York 11201

May 17, 2024

By ECF

The Honorable LaShann DeArcy Hall
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Alex Levin
     Criminal Docket No. 21-208 (LDH)

Dear Judge DeArcy Hall:

  The government respectfully submits this letter to oppose defense counsel's request to adjourn the trial in the above-captioned case. See ECF No. 124. As the Court is aware, on February 2, 2023, the Court scheduled the trial for May 13, 2024. On February 29, 2024, the Court adjourned the trial to June 3, 2024.[1] On May 10, 2024, the Court adjourned the trial to July 15, 2024. The government anticipates that a trial in this case would be no longer than five business days and the government anticipates calling fewer than 10 witnesses.

  On or about May 13, 2024, the government conferred with defense counsel pursuant to the Court's order directing the parties to indicate whether they consented to the exclusion of time until July 15, 2024. During that discussion, defense counsel raised that he might have a brief conflict around July 15, 2024, but agreed to the exclusion of time until July 15, 2024. Defense counsel did not provide the information he now raises with the Court, that he will be "out of the country from on or about July 15, 2024, to on or about July 24, 2024." ECF No. 124 at 1.

  The government opposes a further adjournment of the trial date based on defense counsel's now stated unavailability. The Court "has a great deal of latitude in scheduling trials." United States v. Griffiths, 750 F.3d 237, 241 (2d Cir.2014) (citation omitted); United States v. Ferguson, 246 F.R.D. 107, 126-27 (D.Conn.2007) ("A district court has broad discretion to deny a request to postpone a trial to accommodate defense counsel's schedules."). Thus, "trial courts enjoy very broad discretion in granting or denying trial continuances." United States v. Stringer,

---

[1] The government subsequently filed a letter, with the consent of defense counsel, requesting a new trial date due to the government attorneys' unavailability on June 3, 2024. ECF No. 95. The Court denied this request and the government promptly assigned a new trial team to this matter, consisting of the two undersigned attorneys.

730 F.3d 120, 127 (2d Cir.2013). A further adjournment of the trial date would prejudice the government by increasing the risk that witnesses will become unavailable and go against the interest of the public and of justice.[2] See, e.g., Barker v. Wingo, 407 U.S. 514, 519 (1972) (the "societal interest in providing a speedy trial ... exists separate from, and at times in opposition to, the interests of the accused"); Morris v. Slappy, 461 U.S. 1, 11 (1983) ("Not every restriction on counsel's time or opportunity to investigate or to consult with his client or otherwise prepare for trial violates a defendant's Sixth Amendment right to counsel."). Accordingly, the government respectfully requests that the Court deny the defendant's motion to adjourn the July 15, 2024, trial.

                                          Respectfully submitted,

                                          BREON PEACE
                                          United States Attorney

By:   /s/ Lorena Michelen
        Lauren A. Bowman
        Lorena Michelen
        Assistant U.S. Attorneys
        (718) 254-7000

cc:  Clerk of Court (LDH) (by ECF)
      Defense counsel of record (by ECF)

---

[2] For example, one of the government's civilian witnesses has had to reschedule a family trip on two occasions, as well as a medical surgery, due to the recent adjournments.