

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

PP:LAB/LM
F. #2018R00550

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

June 3, 2024

By ECF

The Honorable LaShann DeArcy Hall
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Alex Levin
                Criminal Docket No. 21-208 (LDH)

Dear Judge DeArcy Hall:

      The government respectfully submits this supplement to its April 17, 2024, motion in limine. See ECF No. 106 (the "Motion"). The government respectfully moves to cross-examine the defendant on his prior conviction if he testifies at trial.[1] Furthermore, the government moves to preclude the defendant from cross-examining a government witness about certain information disclosed by the government pursuant to its obligations under Giglio v. United States, 405 U.S. 150 (1972).

    I.    <u>The Government is Entitled to Cross-Examine the Defendant Under Rule 609 Regarding the Defendant's Prior Conviction</u>

        A.  <u>Applicable Law</u>

      Federal Rule of Evidence 609 governs the admissibility of evidence of prior convictions for impeachment purposes. As relevant here, if the witness is a criminal defendant, evidence of a prior felony conviction is admissible "if the probative value of the evidence outweighs its prejudicial effect to that defendant." Fed. R. Evid. 609(a)(1)(B). Under Rule 609(a)(1), the "evidence" of prior convictions that may be admitted includes "the essential facts of a witness's convictions, including the statutory name of each offense, the date of conviction,

---

[1] In its Motion, the government stated that it was still in the process of gathering information regarding the defendant's prior conviction due to the age of the conviction, as well as awaiting records from a Securities Exchange Commission ("SEC") civil suit that was previously filed against the defendant in the Southern District of New York. ECF No. 106 at 17, n.3. The government thus noted that it contemplated filing a supplemental motion regarding those records and now respectfully requests leave to submit this supplement. Id.

and the sentence imposed." United States v. Estrada, 430 F.3d 606, 615 (2d Cir. 2005); see also United States v. Brown, 606 F. Supp. 2d 306, 315-16 (E.D.N.Y. 2009) (same).

In weighing the probative versus prejudicial value of impeaching a defendant with a prior conviction, courts generally consider five factors: (1) the impeachment value of the prior crimes; (2) the date of the convictions and the defendant's subsequent history; (3) the degree of similarity between the past crimes and the charged crime, with dissimilarity favoring admission; (4) the importance of the defendant's testimony; and (5) the centrality of the credibility issue. See United States v. Jimenez, 214 F.3d 1095, 1098 (9th Cir. 2000); United States v. Smith, 131 F.3d 685, 687 (7th Cir. 1997); United States v. Sloman, 909 F.2d 176, 181 (6th Cir. 1990); Jones v. City of New York, No. 98 Civ. 6493 (LBS), 2002 WL 207008, at *2 (S.D.N.Y. Feb. 11, 2002).

As relevant here, if the later of the date of conviction or the date of the defendant's release from confinement for that conviction is more than ten years old, then, pursuant to Rule 609(b), evidence of the conviction is admissible only if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect" and the party seeking to offer it gives the opposing party reasonable written notice of its intent to use the evidence. Courts apply the same balancing test as that prescribed by Rule 609(a), but the heightened standard of Rule 609(b) requires that the evidence have more probative value than that required under Rule 609(a). See Brown, 606 F. Supp. 2d at 313. In addition, under Rule 609(b), a court must "make an on-the-record finding based on specific facts and circumstances that the probative value of the evidence substantially outweighs the danger of unfair prejudice." Jones v. N.Y. City Health & Hosps. Corp., 102 F. App'x 223, 226 (2d Cir. 2004); see also United States v. Payton, 159 F.3d 49, 57-58 (2d Cir. 1998) (upholding district court's decision to admit defense witness's 13-year-old convictions where court specifically found that witness's "credibility was 'crucial' because she would be testifying in direct contradiction to the government's witnesses on the key elements of the offense; the impeachment value of her convictions was substantial; and the government provided defendant with sufficient advance notice of its intent to use these convictions in her cross examination").

    B. Analysis

The government seeks to question the defendant, if he testifies at trial, regarding his prior securities fraud conviction, in violation of 15 U.S.C. § 78j(b), 78t and 78ff. Specifically, on or about April 11, 2000, the defendant pled guilty in the Eastern District of New York to a Superseding Indictment, charging him with such violation. During his allocution at the change of plea hearing, the defendant admitted to participating in a fraudulent and dishonest scheme of selling fraudulent stocks – i.e., stocks that did not in fact exist – and promising excessive commissions to brokers that were not disclosed to investors.

A balancing of the five factors discussed above weigh in favor of permitting inquiry on this conviction because the conviction involves lying and dishonesty. With respect to the first factor, the impeachment value of the prior crime, "Rule 609(a)(1) presumes that all felonies are at least somewhat probative of a witness's propensity to testify truthfully." United States v. Estrada, 430 F.3d 606, 617 (2d Cir. 2005). But more importantly, the defendant's prior conviction involves lying and deceit, and thus, is highly probative of the defendant's credibility

2

if he testifies. The second factor, the date of conviction and the defendant's subsequent history, admittedly do not weigh in favor of admission. However, the third factor, dissimilarity to the current crimes, strongly weighs in favor of admission because a securities fraud conviction is not similar to money laundering, and thus, will not be admitted as propensity evidence.

The fourth and fifth factors – the importance of the defendant's testimony and the centrality of the credibility issue – also weigh in favor of the government. Whenever a defendant testifies and denies having committed the charged offense, he places his credibility directly at issue. See United States v. Alexander, 48 F.3d 1477, 1489 (9th Cir. 1995). Regardless of the substance of the defendant's testimony, once he places his version of the events before the jury, his credibility becomes central to the jury's determination of the case. To permit the defendant to take the stand and appear "pristine" would be "unfair and misleading to the jury." United States v. Ortiz, 553 F.2d 782, 785 (2d Cir. 1977). Thus, the government should be permitted to cross-examine the defendant regarding a conviction that necessarily bears on his truthfulness and willingness to abide by or, in this case, skirt the rules.

In sum, the facts underlying the prior conviction support a finding that the probative value for truthfulness outweighs any prejudicial effect. In this case, the defendant was convicted for his role in lying to investors, and thus, the government should be permitted to cross-examine the defendant about his history of lying.

II. The Court Should Preclude Cross-Examination of a Witness Regarding Irrelevant Issues Unrelated to the Witness's Credibility

On April 16, 2024, the government noticed Richard Guerci, a Financial Investigator with the IRS Criminal Investigation Division, as a potential expert witness. ECF No. 104. The government expects that Mr. Guerci will testify as an expert witness about money laundering techniques and financial transactions at issue in the charged conspiracy. ECF No. 122. Pursuant to its obligations under Giglio v. United States, 405 U.S. 150 (1972), and in an abundance of caution, on May 28, 2024, the government disclosed information relating to Mr. Guerci. Specifically, the government disclosed that Mr. Guerci testified in a civil forfeiture proceeding, United States v. Sixty-One Thousand Nine Hundred Dollars & No Cents ($61,900.00) Seized From Account Number XXXXXX4429 held in the name of PRP Rest., Inc., 802 F. Supp. 2d 451, 463 (E.D.N.Y. 2011). After Mr. Guerci's testimony, the Court issued a written opinion stating, in part, that it found Mr. Guerci credible as a fact witness but that it did not credit certain evidence he used to support an expert conclusion.

Prior to filing this motion, the government conferred with defense counsel and counsel informed the government that it would probably cross-examine Mr. Guerci on the disclosed information. In light of this, and for the reasons discussed below, the government respectfully moves to preclude the defendant from cross-examining Mr. Guerci on this issue.

A. Applicable Law

The scope and extent of cross-examination is committed to the sound discretion of the district court. See United States v. Wilkerson, 361 F.3d 717, 734 (2d Cir. 2004). A court may properly bar cross-examination that is only marginally relevant to a defendant's guilt or

3

other issues before the court.  See United States v. Maldonado-Rivera, 922 F3d. 934, 956 (2d Cir. 1990); see also Fed. R. Evid. 611 (stating that "court should exercise reasonable control . . . so as to . . . avoid wasting time[] and protect witnesses from harassment or undue embarrassment").  A "decision to restrict cross-examination will not be reversed absent an abuse of discretion." United States v. Lawes, 292 F.3d 123, 131 (2d Cir. 2002) (citing United States v. Rosa, 11 F.3d 315, 335 (2d Cir. 1993)).

Pursuant to Rule 608(b) of the Federal Rules of Evidence, "the court may, on cross-examination, allow [specific instances of a witness's conduct] to be inquired into if they are probative of the character for truthfulness or untruthfulness of . . . the witness." Fed. R. Evid. 608(b).  However, "[c]ase law interpreting the express purpose of Rule 608(b) makes clear that not all prior bad acts are admissible to impeach a witness.  Such acts are only admissible insofar as they bear on a witness's propensity for truthfulness or untruthfulness." Bryant v. Serebrenik, No. 15-CV-3762 (ARR), 2017 WL 713897, at *2 (E.D.N.Y. Feb. 23, 2017); see also United States v. Flaharty, 295 F.3d 182, 191 (2d Cir. 2002) ("the district court may restrict cross-examination about specific instances of prior conduct if it finds that the conduct is not probative of truthfulness").

Moreover, the advisory committee's note to Rule 608(b) also notes that because the "possibilities of abuse are substantial" in cross-examination, specific instances may only be inquired into if they are probative of truthfulness, "not remote in time," and not "outweighed by danger of unfair prejudice, confusion of issues, or misleading the jury." Fed. R. Evid. 608 advisory committee's note.  As another court in this district has previously explained, "[i]f all that can be said about behavior is that it might be called improper, immoral, or unlawful . . . asking about it cannot be justified under Fed. R. Evid. 608." United States v. Stone, No. 05- CR-401 (ILG), 2007 WL 4410054, at *1 (E.D.N.Y. Dec. 14, 2007) (internal quotation marks and citation omitted).

Even where a cross-examination topic may relate to credibility, the district court retains discretion to limit or preclude that cross-examination pursuant to Fed. R. Evid. 403 and 611(a)(3) to avoid prejudice, harassment, confusion of the issues and wasting the jury's time.  See United States v. James, 712 F.3d 79, 102 (2d Cir. 2013) ("[A] district court may impose reasonable limits on cross-examination to protect against, e.g., harassment, prejudice, confusion, and waste."); United States v. Lawes, 292 F.3d 123, 131-32 (2d Cir. 2002) (affirming district court's preclusion of cross-examination regarding a prior adverse credibility finding pursuant to Fed. R. Evid. 403).  Furthermore, pursuant to Rule 608(b), extrinsic evidence of a witness's prior conduct may not be admitted to attack his truthfulness.  See United States v. Peterson, 808 F.2d 969, 973-74 (2d Cir. 1987); United States v. Brown, No. 07-CR-874 (KAM), 2009 WL 497606, at *3 (E.D.N.Y. Feb. 26, 2009).

B. <u>Analysis</u>

On or about July 13, 2011, Mr. Guerci testified as a fact and expert witness for the government in a civil forfeiture bench trial.  After the conclusion of the bench trial, the judge

4

issued a written opinion regarding the Court's findings of facts and laws (the "Opinion"). In the Opinion, the Court explicitly stated that it found Mr. Guerci credible. Specifically, it found that:

> As a fact witness, Guerci was credible. His opinion that PRP had unreported revenue, however, rested on Johnson's daily sheets, which as I explain, I do not credit because they contain additional, unverified entries. Guerci and the Government suggest that these sheets are corroborated by the register tapes. On the surface, this appears to be true with regard to the Bar/Door Revenue Daily Sheets. But these documents reveal additional employees, collecting additional revenue for those days; subtracting those numbers from the daily sheets—in other words, discounting those additional entries—produces the amount noted in the cashbooks. That Guerci and the Government credited these entries without any apparent concern is troubling; I do not share their confidence in the accuracy of Johnson's reporting.

United States v. $61,900, 10-CV-1866 (BMC) (EDNY).

       The Opinion is not probative of Mr. Guerci's veracity or credibility. To the contrary, the Court explicitly stated that Mr. Guerci was credible. Id. The Court's concern involved the use of "unreliable" data provided by a different witness who "had the motive and the opportunity" to tamper with the data and who the Court did not "credit" as a "convincing" witness. Id. at 456. Therefore, the Opinion has no probative value regarding Mr. Guerci's character for truthfulness. See, e.g., United States v. Zhong, 26 F.4th 536, 554 (2d Cir. 2022) (affirming district court's decision to preclude cross-examination of a witness about an alleged adverse finding by a New Jersey court when the court's opinion did not bear upon witness's credibility and was "not sufficiently probative of [the witness's] character for truthfulness"); United States v. Dekattu, No. 18-CR-474 (ARR), 2019 WL 885620, at *1 (E.D.N.Y. Feb. 22, 2019) (precluding cross-examination of police officer about allegations in civil lawsuit where lawsuit did not include any findings of fact or credibility).

       The Court should therefore preclude any cross-examination of Mr. Guerci regarding the Opinion, as nothing in the Opinion relates to dishonesty by Mr. Guerci. Furthermore, the Opinion is irrelevant to this case, and allowing such cross-examination would result in a mini-trial on Mr. Guerci's analysis in a completely unrelated case. This would unnecessarily delay the trial and distract the jury from whether to credit Mr. Guerci's testimony on the means and methods of money launderers.

III.    Conclusion

For the reasons stated herein and in the government's prior submission, the Court should grant the government's motions.

Respectfully submitted,

BREON PEACE
United States Attorney

By:   /s/ Lorena Michelen
Lauren A. Bowman
Lorena Michelen
Assistant U.S. Attorneys
(718) 254-7000

cc:   Clerk of Court (LDH) (by ECF)
      Defense counsel of record (by ECF)