UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                      Government,

v.

ALEX LEVIN,

                      Defendant.

**MEMORANDUM AND ORDER**

21-CR-208 (LDH)

---

LaSHANN DeARCY HALL, United States District Judge:

    Alex Levin ("Defendant") moves for a judgment of acquittal or for a new trial after a jury convicted him of conspiracy to commit money laundering and conspiracy to violate the Travel Act.[1] Defendant claims ineffective assistance of counsel.

    On November 11, 2018, Defendant, then a "target in an ongoing [Transnational Organized Crime] investigation," was stopped by Customs and Border Patrol ("CBP") at John F. Kennedy International Airport. (Declaration of Matthew D. Myers, Ex. A at 2., ECF No. 166.) Defendant was taken to a secondary screening area, where he provided his cell phone to CBP agents. The agents conducted a full forensic extraction of the cell phone.

    On April 15, 2021, Defendant and two co-defendants were charged with money laundering conspiracy and conspiracy to violate the Travel Act. Defendant's trial was scheduled to begin on July 15, 2024. On July 12, 2024, the Government filed proposed jury instructions, which included a consciousness avoidance charge.[2] Defendant's trial counsel did not file any

---

[1] The Court assumes the parties' familiarity with the facts in this matter and sets forth below only the background relevant to the instant motion.

[2] The Court reserved determination regarding the inclusion of a consciousness avoidance jury charge pending the elicitation of facts at trial establishing the propriety of such a conclusion.

1

pre-trial motions. After opening statements, the Government read the following stipulation into the record:

> It is hereby stipulated and agreed by and between the United States of America through undersigned counsel and the defendant, Alex Levin, through his attorney, that Government Exhibit 401 is a true and accurate copy of an extraction report from an Apple iPhone cellular telephone, bearing serial number FK3VWXTJJCL6, belonging to Alex Levin, that was lawfully seized from Alex Levin at John F. Kennedy International Airport, JFK Airport, by law enforcement, on or about November 11, 2018.

(Tr. 48:19-25–49:1-2.) Pursuant to this stipulation, over 50 exhibits that the government had extracted from Defendant's cell phone during the November 11, 2018 search were admitted without objection. On July 22, 2024, the Government introduced the cell phone evidence through a Homeland Securities Investigation computer forensics agent. (Tr. 529:3-573:5.) Specifically, the Government introduced: text messages in which a co-defendant asked Defendant to purchase locks, keys, key duplicating machines, small cameras to use with boroscopes, and electronic tablets; images depicting mechanical deposit locks; phone contacts; and the call log from Defendant's cell phone when it was seized on November 11, 2018.

During a break in proceedings, while the Homeland Securities Investigations agent was still on direct examination, the Court instructed the parties to confer regarding proposed language for a consciousness avoidance jury charge. Specifically, the Court stated: "[P]articularly after the testimony that has come in through the most recent witness and the text messages . . . it seems to me that the elements necessary to allow for the inclusion of that charge have been met." (Tr. 594:6–13.) On the last day of testimony, the Court informed the parties that the conscious avoidance instruction had been incorporated into the jury charge. Defendant's trial counsel did not object to the inclusion of the conscious avoidance instruction. On July 24, 2024, Defendant was convicted of all counts.

On September 9, 2024, the Court granted Defendant's second request for an extension of time, until September 19, 2024, to file any motions pursuant to Federal Rules of Criminal Procedure 29 or 33. On September 19, 2024, Defendant, through his trial counsel, moved pursuant to Federal Rules of Criminal Procedure 29 and 33, for an order setting aside the verdict or granting a new trial on the grounds that: (1) he was denied his Sixth Amendment right to confront witnesses against him; (2) the prosecution used false testimony to obtain the conviction; and (3) the evidence was insufficient to sustain a conviction. (*See generally* Def.'s Mot. for New Trial, ECF No. 153.) The motion was fully briefed on November 8, 2024.

On February 1, 2025, new counsel appeared on Defendant's behalf, and on February 19, 2025, filed the instant motion for a judgment of acquittal or for a new trial, citing ineffective assistance of counsel. Conspicuously absent from Defendant's motion is any reference to the statute or rule pursuant to which he moves. In any event, given the procedural posture of the case and the relief Defendant seeks, the Court construes it as a Rule 33 motion. Indeed, "[t]he proper procedural avenue for defendants who wish to raise ineffective assistance claims after conviction but prior to sentencing is a motion for a new trial pursuant to Federal Rule of Criminal Procedure 33." *United States v. Brown*, 623 F.3d 104, 113 n.5 (2d Cir. 2010).

Under Rule 33, "[a]ny motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty," unless the court finds that the late filing was the product of "excusable neglect." Fed. R. Crim. P. 33(b)(2); Fed. R. Crim. P. 45(b)(2). In assessing the existence of excusable neglect, the Court must review all the surrounding circumstances, including the four *Pioneer* factors: "(1) the danger of prejudice to the non-moving party, (2) the length of delay and impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control

3

of the moving party, and (4) whether the moving party acted in good faith." *Williams v. KFC Nat'l Mgmt. Co.*, 391 F.3d 411, 415 (2d Cir. 2004) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993)).  As relevant here, "[the Second Circuit] and other circuits have focused on the third factor: the reason for the delay." *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003).  Specifically, the Second Circuit "ha[s] noted that the equities will rarely if ever favor a party who 'fail[s] to follow the clear dictates of a court rule' and held that where 'the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test.'" *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366–67 (2d Cir. 2003) (citing *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir. 1997)).  Here, there is no question that Defendant's motion is untimely.  Indeed, it is dated February 19, 2024:  eight months after Defendant was convicted, and six months after the extended deadline the Court accorded for the filing of any such motion.  Thus, the Court must determine whether Defendant has shown excusable neglect.  He has not.

      Defendant makes no mention of the untimeliness of his motion, let alone any reason the Court should excuse it.  And neither a review of the docket nor history of this case present any such reason.  Courts in this circuit have found that a defendant's delay in bringing a motion for a new trial based on ineffective assistance was excusable neglect where the defendant was unaware of the conduct that formed the basis for his motion. *See, e.g.*, *Brown*, 623 F.3d at 113 n.5 (defendant could demonstrate excusable neglect where the allegedly ineffective attorney continued to represent defendant during the 14–day time period and defendant first discovered the grounds for his motion – i.e. failure to convey a plea offer – six months after the verdict); *United States v. Frederick*, 868 F.Supp.2d 32, 43–44 (E.D.N.Y. 2012) (finding excusable neglect

4

where the allegedly ineffective counsel continued to represent the defendant after trial and defendant was unaware of facts forming the basis of his motion until a year after his conviction). That is not the case here. In seeking a new trial eight months after his conviction, Defendant argues that his trial counsel was ineffective because he failed to file a motion to suppress "illegally obtained" evidence from Defendant's cell phone. (Def.'s Second Mot. for New Trial ("Def.'s Second New Trial Mot.") at 8, ECF No. 166.) But Defendant was certainly aware that his counsel decided not to object to the admission of this evidence well before he was convicted. In fact, Defendant concedes that he stipulated to the admission of this evidence as lawful. (*Id.* at 2 (citing Tr. 48:19-25–49:1-2).) Thus, Defendant seeks to "challenge the conduct of . . . counsel that occurred primarily prior to or during the trial and of which [he was] clearly aware as of the date of the verdict." *United States v. Rivera*, No. 09-CR-619, 2013 WL 2627184, at *3 (E.D.N.Y. June 11, 2013), aff'd, 799 F.3d 180 (2d Cir. 2015). This does not constitute excusable neglect. Accordingly, Defendant's motion is untimely.

But even if the Court were inclined to excuse Defendant's neglect in bringing this motion, his ineffective assistance claim fails on the merits. To establish that counsel was constitutionally ineffective, a defendant must demonstrate that (1) counsel's performance fell below an objective standard of reasonableness; and (2) that the deficient representation prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). "In order to show ineffective assistance for the failure to make a suppression motion, the underlying motion must be shown to be meritorious, and there must be a reasonable probability that the verdict would have been different if the evidence had been suppressed." *United States v. Matos*, 905 F.2d 30, 32 (2d Cir. 1990). It is well established that "[t]he proponent of a motion to suppress has the burden of establishing that his own Fourth Amendment rights were violated by the

5

challenged search or seizure." *Rakas v. Illinois*, 439 U.S. 128, 130 n.1 (1978). And it is axiomatic that "[a] search conducted pursuant to voluntary consent is one of the exceptions to the Fourth Amendment's requirement that the government obtain a judicial warrant prior to a search." *United States v. Miles*, 263 F. App'x 77, 78 (2d Cir. 2008) (citing *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973)).

Defendant argues that his trial counsel was constitutionally ineffective because counsel failed to file a motion to suppress "illegally obtained" evidence from Defendant's cell phone "where there was not otherwise overwhelming evidence of his guilt." (Def.'s Second New Trial Mot. at 8.) The Court is unconvinced. As the proponent of a motion to suppress evidence obtained from his cell phone, Defendant would have borne the burden to establish that the search violated his Fourth Amendment rights. *United States v. Lewis*, 62 F.4th 733, 741 (2d Cir. 2023). But the only evidence related to the nature of the search is the Department of Homeland Security Report of Investigation, which states that Defendant "voluntarily provided his cell phone for inspection." (*See* Def's Second New Trial Mot. at 22.) That is, the only documentation before the Court reflects that the government conducted the search with Defendant's consent. And there is no question that the consent exception to the Fourth Amendment's warrant requirement extends to government searches of cell phones. *United States v. Pivnick*, No. 21-1675, 2023 WL 3563030, at *2 (2d Cir. May 19, 2023) ("Nor did the district court err in finding that the subsequent search of the cellphone was lawful because [the defendant] had consented to it"); *United States v. Lajeunesse*, 85 F.4th 679, 685–86 (2d Cir. 2023) (noting that the parties' debate regarding the reasonableness of a search of the defendant's phone was "perplexing" because the defendant "had consented to the initial search of his cell phone by giving [the officer] his phone upon the officer's request" and "[c]onsent is a long-recognized, well-settled exception to the

6

warrant and probable cause requirement.") Faced with this reality, Defendant asks the Court to accept his bare assertion that the search was not voluntary. (Def's Second New Trial Mot. at 6 n.2.) The Court declines to do so. On the strength of mere speculation, Defendant avers that "if [trial] counsel had filed a motion to suppress, [D]efendant would have provided an affidavit contesting this assertion." (*Id.*) But, neither during trial nor affixed to the instant motion has the Court seen a single piece of evidence, such as an affidavit, indicating that the search was not voluntary. Put simply, the Court has no reason to believe that the search of Defendant's cell phone was constitutionally deficient. And as such, the Court has no reason to believe that any motion to suppress by trial counsel would have been meritorious.[3] Accordingly, Defendant's claim for ineffective assistance of counsel fails, and the Court declines to vacate the jury's verdict of guilty.

## CONCLUSION

For the foregoing reasons, Defendant's motion for a new trial based on ineffective assistance of counsel is DENIED.

SO ORDERED.

Dated: Brooklyn, New York  
      April 3, 2025

/s/_____  
LaSHANN DeARCY HALL  
United States District Judge

---

[3] According to Defendant, the cell phone evidence was the primary basis for the Court's conscious avoidance instruction to the jury. (Def.'s Second New Trial Mot. at. 14) As Defendant's argument goes, absent the cell phone evidence, the jury would not have been permitted to find Defendant guilty without finding that he possessed actual knowledge. (*Id.*) Therefore, Defendant maintains, trial counsel's failure to object to the admission of cell phone evidence prejudiced Defendant, further supporting his claim of ineffective assistance. (*Id.* at 15.) However, because the Court has already found that any motion to suppress the cell phone evidence would have failed, this argument is moot.