UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

          Plaintiff,

    -against-

ALEX LEVIN,

          Defendant.

---

**MEMORANDUM AND ORDER**

21-CR-208

LASHANN DEARCY HALL, United States District Judge:

Alex Levin ("Defendant") moves, pursuant to Rules 29 and 33 of the Federal Rules of Criminal Procedure, for a judgment of acquittal or for a new trial following his convictions for conspiracy to commit money laundering and conspiracy to violate the Travel Act. (*See* Def.'s Mem. L. Supp. Mots. Set Aside Verdict and New Trial ("Def.'s Mem."), ECF No. 153.)

## BACKGROUND[1]

On April 15, 2021, Defendant was indicted on two counts: (1) money laundering conspiracy; and (2) conspiracy to violate the Travel Act. (Indictment, ECF No. 1.) According to the Indictment, Defendant "participated in a bank theft and money laundering scheme resulting in the theft of tens of millions of dollars of currency and other property from safe deposit boxes at multiple banks located outside of the United States, including in Eastern Europe." (*Id.* at 2.)

At a hearing prior to trial, the Government argued that the case presented an issue of foreign law that would require judicial determination. (Tr. Criminal Cause Pretrial Conf.

---

[1] The Court assumes the parties' familiarity with the facts in this matter and sets forth below only the background relevant to the instant motion.

("Pretrial Conf. Tr.") 42:16-43:23, June 28, 2024, ECF No. 137.)  Specifically, according to the

Government, the Court would be called upon to determine whether the conduct alleged in the

indictment constituted a violation of foreign law sufficient to qualify as "specified unlawful

activity" under 18 U.S.C. § 1956(c)(7)(B)(iii).  (Gov't's Ltr. at 1, June 3, 2024, ECF No. 128;

Def.'s Ltr. at 2, June 11, 2024, ECF No. 132.)  Importantly, Defendant "agree[d] with the

government that a significant, indeed potentially dispositive, issue of foreign law [was] present . .

. and that resolution of that issue [was] for the Court to make pre-trial."  (Def.'s Ltr. at 1, June

11, 2024.)  Consistent with that discussion, on June 3 and 18, 2024, the Government submitted

an affidavit from a foreign-law expert explaining that the charged conduct constitutes bank fraud

in Russia, Ukraine, Uzbekistan, Moldova, Azerbaijan, and Latvia, respectively.  (Gov't's Ltr. at

11-12, June 3, 2024; Gov't's Ltr. 10-12, June 18, 2024, ECF No. 134.)  Defendant did not submit

its own expert affidavit or identify any other foreign authority to rebut the Government's expert.

Ultimately, in reliance of the Government's expert affidavit, the Court found that the charged

conduct was unlawful under foreign law such that it could support the money laundering

conspiracy charge.

On July 15, 2024, Defendant's case proceeded to trial.  Following the close of the

Government's case, Defendant moved, pursuant to Rule 29 of the Federal Rules of Criminal

Procedure, to dismiss the case.  (Trial Tr. 754:2-14.)  The Court denied the motion.  (Trial Tr.

754:18; Order, July 23, 2024.)  On July 24, 2024, the jury returned a verdict of guilty on both the

money laundering conspiracy and conspiracy to violate the Travel Act counts.  (Jury Verdict,

ECF No. 149.)  Following the verdict, Defendant moved, pursuant to Rules 29 and 33 of the

Federal Rules of Criminal Procedure, to set aside the verdict or, alternatively, for a new trial.

(Def.'s Mem., ECF No. 153.)  Specifically, Defendant argued that his motions should be granted

2

because:  (1) he was denied his Sixth Amendment right to confront witnesses against him; (2) the prosecution used false testimony to obtain the conviction; and (3) the evidence was insufficient to sustain a conviction.  (Def.'s Mem. at 1.)

**DISCUSSION**

**I.        Rule 29: Motion for Acquittal**

Under Rule 29, a defendant challenging a jury's guilty verdict "bears a heavy burden," *United States v. Martoma*, 894 F.3d 64, 72 (2d Cir. 2017) (citation omitted).  Indeed, the standard of review has been described as "exceedingly deferential."  *United States v. Coplan*, 703 F.3d 46, 62 (2d Cir. 2012) (citation omitted).  As such, in considering a motion for judgment of acquittal, the court must view the evidence in the light most favorable to the Government, *United States v. Jackson*, 335 F.3d 170, 180 (2d Cir. 2003), "crediting every inference that could have been drawn in the [G]overnment's favor," *Martoma*, 894 F.3d at 72.  Most fundamentally, when considering a Rule 29 motion, "courts must be careful to avoid usurping the role of the jury when confronted with a motion for acquittal."  *Jackson*, 335 F.3d at 180.  That is, the "resolution of the weight of the evidence and the credibility of the witnesses" are "the province of the jury and not of the court."  *United States v. O'Connor*, 650 F.3d 839, 855 (2d Cir. 2011) (internal quotation marks and citations omitted).  Notably, "[a] 'jury's verdict may be based entirely on circumstantial evidence.'"  *United States v. Berry*, No. 20-CR-84, 2022 WL 1515397, at *4 (S.D.N.Y. May 13, 2022) (quoting *United States v. Sureff*, 15 F.3d 225, 228 (2d Cir. 1994)).  "[S]o long as . . . inference[s are] reasonable, 'it is the task of the jury, not the court, to choose among competing inferences.'"  *United States v. Santos*, 541 F.3d 63, 70 (2d Cir. 2008) (citation omitted).  Accordingly, a Rule 29 motion may be granted "only if the evidence that the defendant committed the crime alleged is 'nonexistent or so meager that no reasonable jury could find guilt

3

beyond a reasonable doubt.'" *United States v. Guadagna*, 183 F.3d 122, 130 (2d Cir. 1999) (citation omitted).

## A.   Confrontation Clause and Foreign Law Determinations

The Sixth Amendment establishes that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ." U.S. Const. amend. VI. Indeed, the Supreme Court has held that this right applies to witnesses who offer testimony against the accused at trial. *Crawford v. Washington*, 541 U.S. 36, 51 (2004). "Ordinarily, a witness is considered to be a witness 'against' a defendant for purposes of the Confrontation Clause only if his testimony is part of the body of evidence that the jury may consider in assessing his guilt." *Cruz v. New York*, 481 U.S. 186, 190 (1987).

Against this backdrop, Defendant argues that his right to confront the Government's expert witness was violated because the expert's affidavit was "made for use at trial instead of live testimony[,]" and it was "inadmissible for the purpose it was offered and accepted." (Def.'s Mem. at 4.) This is simply not so. "Issues of foreign law are questions of law and therefore are within the court's, and not the jury's, province." *United States v. Aguilar*, 717 F. Supp. 3d 272, 275 (E.D.N.Y. 2024) (citations and internal quotations omitted). Nonetheless, Defendant persists in his contention that the expert affidavit "was inadmissible for the purpose it was offered and accepted[.]" (Def.'s Mem. at 4.) As Defendant himself conceded, the purpose for which the affidavit was offered was to resolve an "issue of foreign law." (Def.'s Ltr. at 1, June 11, 2024.) In resolving issues of foreign law, the Court enjoys the authority to consider "any relevant material or source . . . ." *United States v. Chang*, No. 18-CR-00681, 2024 WL 3303717, at *31 (E.D.N.Y. July 3, 2024) (quoting Fed. R. Crim. P. 26.1). This includes expert testimony, which may "aid the Court in determining the content of the applicable foreign law."

4

*United States v.* Chang, 2024 WL 3303717, at *31 (quoting *Bigio v. Coca-Cola Co.*, No. 97-CV-2858 (BSJ), 2010 WL 3377503, at *4 (S.D.N.Y. Aug. 23, 2010), *aff'd*, 675 F.3d 163 (2d Cir. 2012)).  Indeed, "[w]ritten or oral expert testimony accompanied by extracts from various kinds of foreign legal materials remains the basic mode of proving foreign law." *United States v. Miller*, No. 18-CR-202, 2018 WL 4961458, at *4 (E.D.N.Y. Oct. 15, 2018) (quoting *Bigio*, 2010 WL 3377503, at *4).  Notably, Defendant rightly acknowledged this discretion before trial when he "agree[d] with the government that a significant . . . issue of foreign law [was] present and that the resolution of that issue [was] for the Court to make pre-trial." (Def.'s Ltr. at 1, June 11, 2024.)

Here, the Court did just that.  The Court assessed the Government's proffered affidavit to aid the Court in determining whether fraud against a foreign bank constituted a violation of foreign law, as to the "specified unlawful activity" charged under 18 U.S.C. § 1956(c)(7)(B)(iii).  More fundamentally, the Court's consideration of the expert affidavit did not implicate Defendant's right to confrontation.  The affidavit was never put before the jury, nor was its contents before the jury in sum or substance.  In other words, the affidavit was not part of the body of evidence put before the jury in assessing Defendant's guilt or innocence.  Thus, Defendant's Sixth Amendment Right to Confrontation was not implicated.  *See Crawford*, 541 U.S. at 51; *Cruz*, 481 U.S. at 190; *Aguilar*, 717 F. Supp. 3d at 275.

### B.    Use of False Testimony by the Government

Defendant maintains that he is entitled to a motion for acquittal or the grant of a new trial resulting from the Government's use of false testimony at trial. (Def.'s Mem. at 5-9.)  In assessing the veracity of Defendant's claim, the Court must consider: "(1) whether false testimony was introduced, (2) whether that testimony either was or should have been known to

the prosecution to be false, (3) whether the testimony went uncorrected, and (4) whether the false testimony was prejudicial . . . . ” *Shih Wei Su v. Filion*, 335 F.3d 119, 127 (2d Cir. 2003).  As the Government aptly notes, Defendant does not clear the bar for even the first consideration. (Gov’t’s Mem. L. Opp’n Def.’s Mots. J. Acquittal or New Trial (“Gov’t’s Mem.” at 19-20, ECF No. 157.)

According to Defendant, two of the Government’s cooperating witnesses provided testimony that was “diametrically opposed[.]”  (Def.’s Mem. at 8.)  Specifically, Defendant complains that cooperating witness Cooper testified that “[Ellison] had previously agreed with Alex Levin that Levin would receive the money to his account for a certain percentage.”  (Def.’s Mem. at 5.)  However, cooperating witness Ellison testified that he, *i.e.*, Ellison, “never discussed the wire of $150,000.00 with Levin before the [$150,000.00] was sent and that the concept of sending the money to Levin’s account was Cooper’s alone.”  (*Id.*)  According to Defendant these purported inconsistencies render the testimony of one or more of the cooperating witnesses’ testimonies false.  (Def.’s Mem. at 8.)  The Court is not convinced.  *First*, these testimonies are not inconsistent.  It can be true that Ellison had a prior agreement with Defendant to receive Ellison’s share of proceeds, while at the same time, Ellison did not discuss the wire of the particular $150,000.  *Second*, it cannot otherwise be said that either of the co-conspirators’ statements are “obviously false.”  *Shih Wei Su*, 335 F.3d at 127.  Even if Defendant had identified a conflict in the testimonies—which he did not—such a conflict is not uncommon in criminal cases and does not necessarily require an acquittal.  *United States v. Bortnovsky*, 879 F.2d 30, 33 (2d Cir. 1989) (collecting cases).  It is the province of the jury—and not the Court— to determine the credibility of a witness.  *See O’Connor*, 650 F.3d at 855.  Where there is conflicting testimony at trial, the Court is directed to defer to the jury’s resolution of those

conflicts. *United States v. Payton*, 159 F.3d 49, 56 (2d Cir. 1998) (citing *United States v. Stratton,* 779 F.2d 820, 828 (2d Cir.1985)).  It has.

Furthermore, even if Defendant were to establish perjury among one of the witnesses, "[Defendant] could not prevail because there is no evidence that the government knew or should have known the testimony to be false." *Bortnovsky*, 879 F.2d at 33 (citations omitted) (citing cases where reversal was not granted because there was no evidence that prosecution knew or believed testimony to be false.)  Defendant only offers speculation that "it is inconceivable that the prosecution had not questioned its witnesses closely concerning their roles as well as Levin's role in the conspiracy." (Def.'s Mot. at 8.)  This speculation is not enough.  *Bortnovsky*, 879 F.2d at 33-34 (collecting cases where reversal not granted because there was no evidence that prosecution knew or believed testimony to be false.)  Defendant has failed to offer any evidence that the government knew of any false testimony.

### C.    Sufficiency of Evidence

To prove conspiracy, "[t]he agreement to participate in the conspiracy may be inferred from the facts and circumstances of the case, and both the existence of the conspiracy and the defendant's participation in it with the requisite criminal intent may be established through circumstantial evidence." *United States v. Landesman*, 17 F.4th 298, 320 (2d Cir. 2021) (alterations accepted) (internal citations and quotation marks omitted).

Defendant raises two arguments challenging the sufficiency of the evidence.  *First*, with respect to money laundering conspiracy, Defendant argues that the "only purported evidence supporting the notion that defendant had 'agreed' with another to commit money laundering was the testimony of cooperating witness Cooper." (Def.'s Mem. at 9.)  That evidence was enough.  Put differently, a "conviction can hang on the testimony of a single witness, even a cooperating

co-conspirator." *United States v. Aguilar*, No. 1:20-CR-390, 2024 WL 3558505, at \*4 (E.D.N.Y. July 26, 2024) (citation omitted).

Second, with respect to the Travel Act, Defendant argues that "[t]here was no testimony supporting" the notion that "defendant 'agreed' with another to use a cellular telephone to promote, etc., the money laundering conspiracy charged in Count One." (Def.'s Mem. at 10.) As the Government argues there was ample evidence by which the jury could have inferred Defendant's agreement and participation in the conspiracy. (Gov't's Mem. at 7-11.) The jury was presented with evidence including bank records, (Trial Tr. 724:1-23), and evidence that Defendant used bank accounts in the United States to purchase equipment used in the charged scheme, (Trial Tr. 654:15-22). There was also evidence connecting Defendant to the conspiracy on Defendant's own phone (Trial Tr. 536:1-537:4; 538:24-540:13; 547:18-548:17; 550:23-554:9). Yet, inexplicably, Defendant maintains that his conviction should be overturned because there was no evidence that he agreed with another for use of his phone to promote the money laundering conspiracy. (Def.'s Mem. at 10.) Even if that were true, Defendant and his conspirators "need not have been fully informed as to all of the details or the scope of the conspiracy in order to justify an inference of knowledge on his part." *United States v. Ramsey*, No. 21-CR-495, 2023 WL 2523193, at \*46 (E.D.N.Y. Mar. 15, 2023), *aff'd*, No. 23-7211-CR, 2024 WL 5199288 (2d Cir. Dec. 23, 2024).

Defendant's Rule 29 motion is denied.

## II.     Rule 33: Motion for New Trial

Under Rule 33 of the Federal Rules of Criminal Procedure, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Rule 33, by its terms, gives the trial court broad discretion "to set aside a jury verdict and order a

8

new trial to avert a perceived miscarriage of justice." *United States v. Sanchez*, 969 F.2d 1409, 1413 (2d Cir. 1992); *see also United States v. Robinson*, 430 F.3d 537, 543 (2d Cir. 2005) (explaining that under Rule 33, a district court is permitted to "weigh the evidence and in doing so evaluate for itself the credibility of the witnesses" (internal quotations marks and citation omitted)). Indeed, a "trial court has broader discretion to grant a new trial under Rule 33 than to grant a motion for acquittal under Rule 29 . . . ." *United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir. 2001). Notwithstanding, a trial court "must exercise the Rule 33 authority 'sparingly' and in 'the most extraordinary circumstances.'" *Id.* (quoting *Sanchez*, 969 F.2d at 1414).

"In evaluating a Rule 33 motion, the court must 'examine the entire case, take into account all facts and circumstances, and make an objective evaluation,' keeping in mind that the 'ultimate test' for such a motion is 'whether letting a guilty verdict stand would be a manifest injustice.'" *United States v. Alston*, 899 F.3d 135, 146 (2d Cir. 2018). That is, "under [Rule 33], a district court may not reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable." *United States v. Archer*, 977 F.3d 181, 188 (2d Cir. 2020) (citations and internal quotation marks omitted). Only in exceptional circumstances— where, for example, "the evidence was patently incredible or defie[s] physical realities," *id.*, or in a case where, for example, "an evidentiary or instructional error compromised the reliability of the verdict," *id.*, or "the government's case depend[ed] upon strained inferences drawn from uncorroborated testimony," *Landesman*, 17 F.4th at 331—should a court grant a new trial.

Defendant moves for a new trial on the same bases that he unsuccessfully moved for acquittal: (1) denial of his Sixth Amendment right to confront and cross-examine a witness against him; (2) the government's purported use of false testimony to obtain his conviction; and

9

(3) insufficient evidence to sustain a conviction.  (*See* Def.'s Mem.**)**  As discussed *supra*, the

Court has already found these arguments insufficient as a basis to grant a new trial.

### CONCLUSION

For the foregoing reasons, Defendant's motion to set aside verdict and/or grant a new

trial, pursuant to Rules 29 and 33 of the Federal Rules of Criminal Procedure, is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
     March 31, 2026

/s/ LDH
LASHANN DEARCY HALL
United States District Judge